UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY JOSEPH WALKER,

    Plaintiff,

v.                                      CASE NO. 2:19-cv-11198
                                       HONORABLE NANCY G. EDMUNDS

CORRECTIONS OFFICER SHARRAR,

    Defendant.

_____/

## **ORDER DISMISSING THE COMPLAINT**

### **I. Introduction**

This matter has come before the Court on plaintiff Timothy Joseph Walker's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is confined at the Isabella County Jail in Mt. Pleasant, Michigan. Defendant Sharrar is a corrections officer at the jail.

The Court understands the complaint to allege that, on April 4, 2019, Officer Sharrar found alcohol in a cell and questioned everyone in Plaintiff's cell about the alcohol. Although Plaintiff maintained his innocence, he and the other inmates were placed in segregation. When one inmate accepted responsibility for the alcohol, the inmates were released from segregation for about forty-five minutes. However, because the officers were not satisfied with what the inmate had said, the inmates were once again placed in segregation. Plaintiff suggested that the officer review surveillance cameras, but Officer Sharrar proceeded to interrogate each inmate to find the culprit. Eventually, Sharrar released everyone except Plaintiff because one of the inmates had said that the

alcohol belonged to Plaintiff. Plaintiff was left in segregation "for numerous hours," but when the first-shift sergeant arrived, Plaintiff demanded that the surveillance cameras be reviewed. Plaintiff subsequently was determined to be innocent of prison misconduct.

In his complaint, Plaintiff asserts that his right to due process was violated by the lack of a proper and fair investigation. Plaintiff contends that, because officials ignored his suggestion to view the surveillance cameras, he was unnecessarily confined in segregation where he lost his liberty, privileges, and quality of life. Plaintiff also alleges that his confinement in segregation amounted to cruel and unusual punishment because he was stripped of his undergarments and forced to lie on a cold and filthy floor even though he maintained his innocence. Finally, Plaintiff alleges that the improper investigation placed him in jeopardy of losing his freedom because possessing alcohol is a violation of the conditions of probation and parole. He sues Officer Sharrar in his personal and official capacity for money damages.

## II. Legal Framework

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

#### A. The Due Process Claim

Plaintiff alleges that the incident on April 4, 2019, deprived him of his liberty and due process of law. State action taken for a punitive reason, however, does not necessarily encroach on a liberty interest under the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Liberty interests protected by the Due Process Clause generally are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (internal citations omitted).

Plaintiff's placement in segregation and loss of privileges for a matter of hours was not an atypical or significant hardship. *See Sandin,* 515 U.S. at 486 (holding that the prisoner's placement in segregated confinement for thirty days was not "a major disruption in his environment" or "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). Therefore, Plaintiff was not deprived

3

of a protected liberty interest when he was placed in segregation, and the delay in releasing him did not amount to a procedural due process violation. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Plaintiff's procedural due process argument fails to state a plausible claim for relief under § 1983.

### B. The Eighth Amendment Claim

Plaintiff also asserts that his confinement in segregation violated his rights under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishment." U.S. Const., amend VIII. Although the Eighth Amendment applies only after a formal adjudication of guilt, *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), "[d]ue process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). In other words,

> [t]he Eighth Amendment provides [a convicted] inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *See Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016).

*Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Thus, the Court of Appeals for the Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.' " *Id.* (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

To prevail on his claim, Plaintiff must show that (1) the deprivation alleged was sufficiently serious and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a deprivation to be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' " *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

4

A sufficiently culpable state of mind is one of deliberate indifference to an inmate's health or safety. *Id*.

Plaintiff's confinement in segregation for several hours was not a serious deprivation. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (affirming the District Court's dismissal of two prisoners' complaint for failure to state an Eighth Amendment claim where the plaintiffs alleged that they were held in segregation in dirty or unpleasant conditions).

Plaintiff also has not shown that Officer Sharrar had a culpable state of mind. Although Officer Sharrar apparently chose to interrogate inmates at the jail instead of following Plaintiff's suggestion to view footage from the surveillance cameras, this does not necessarily mean that Sharrar was deliberately indifferent to Plaintiff's health or safety. It was simply a different approach to determining who possessed the contraband. Furthermore, Plaintiff has not shown that his health or safety were at risk as a result of being confined in segregation. His Eighth Amendment/Due Process claim fails to state a plausible claim for relief.

### IV. Conclusion

Plaintiff's allegations do not rise to the level of a constitutional violation. Therefore, the complaint lacks an arguable basis in law and fails to state a claim that is plausible on its face. Accordingly, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: August 6, 2019

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE